

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MARCUS MILTON,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN FCI WILLIAMSBURG,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:20-00177-MGL |

**MEMORANDUM OPINION AND ORDER**
**TRANSFERRING PETITIONER'S PETITION**

## I.　INTRODUCTION

Pending before the Court is Petitioner Marcus Milton's (Milton) pro se habeas corpus petition under 28 U.S.C. § 2241.  In Milton's Section 2241 petition pending before the Court, he posits his conviction is unlawful in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), arguing the government, at trial, failed to prove he knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.  Milton asks the Court to dismiss his conviction because he is innocent of a firearm conviction.

## II.   FACTUAL AND PROCEDURAL HISTORY

On October 6, 2015, Milton, a convicted felon, was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in the United States District Court for the Western District of Louisiana.  That Court, on February 22, 2016, sentenced Milton to 120 months of imprisonment.  Shortly thereafter, Milton filed a notice of appeal to the Fifth Circuit Court of Appeals, and several months later, filed a pro se motion to vacate judgment under 28 U.S.C. § 2255.  The United States District Court for the Western District of Louisiana denied Milton's Section 2255 motion because the appeal of his conviction remained unresolved.

On December 6, 2016, the Fifth Circuit Court of Appeals affirmed Milton's conviction and sentence, and he then filed a second Section 2255 motion to vacate his sentence on January 25, 2018, asserting ineffective assistance of counsel.  Milton, on April 17, 2020, filed a memorandum in support of his second Section 2255 motion and argued, in part, his conviction must be voided because of the recent United States Supreme Court holding in *Rehaif*.

In *Rehaif*, the Supreme Court held "in a prosecution under 18 U.S.C. 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  Milton's second 2255 motion is currently pending in the United States District Court for the Western District of Louisiana.

Milton filed the instant Section 2241 petition while he was incarcerated at Federal Correctional Institution, Williamsburg (FCI Williamsburg), located within the United States District Court for the District of South Carolina.  Accordingly, this Court originally possessed jurisdiction to adjudicate Milton's claims asserted pursuant to 28 U.S.C. § 2241.  However, Milton is no longer housed at FCI Williamsburg.

According to the Bureau of Prison's "Find an inmate" locator listing for Milton, which the Court takes judicial notice of as per Fed. R. Evid. 201, Milton is now incarcerated at United States Penitentiary, Coleman I (USP Coleman I).  *See Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 19, 2021).  USP Coleman I is located in Sumter, Florida.  *See USP Coleman I*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/cop (last visited Feb. 19, 2021).  And, USP Coleman I and its warden are within the jurisdiction of the United States District Court for the Middle District of Florida (the MDFL).  *Id*.

### III.   DISCUSSION AND ANALYSIS

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  "The writ, or order to show cause shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court."  *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973).  "The whole force of the writ is spent upon the respondent."  *Id*. at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

As the Court noted above, Milton and his custodian are located in the MDFL. But, the Court does not have jurisdiction over that custodian. Consequently, the Court concludes the instant petition must be transferred to the MDFL.

In sum, because this Court lacks jurisdiction over Milton's custodian, USP Coleman I's warden, this Court has no authority to entertain his petition. Thus, this action must be transferred to the MDFL.

### IV.    CONCLUSION

This case is **TRANSFERRED** to the MDFL for further proceedings, and any pending motions are **RENDERED AS MOOT.**

To the extent Milton requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of February 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

5

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.